UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOP DOLLAR PAWN, GUN & CAR AUDIO #5 LLC | CIVIL ACTION NO. 12-0577 |
| VERSUS | JUDGE S.  MAURICE HICKS,  JR. |
| CADDO PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Rule 12(b)(6) Motion to Dismiss" (Record Document 18) filed by defendant Terri Scott, Shreveport City Attorney ("City Attorney Scott").  City Attorney Scott seeks dismissal of plaintiff Top Dollar Pawn, Gun and Car Audio #5, LLC's ("Top Dollar Pawn") individual capacity claims against her.  See id.  Top Dollar Pawn opposes the motion and also filed a Supplemental and Amended Complaint to clarify allegations.  See Record Documents 24, 29 & 30.  For the reasons which follow, City Attorney Scott's motion is **GRANTED** and all of Top Dollar Pawn's claims against City Attorney Scott in her individual capacity are **DISMISSED WITH PREJUDICE**.[1]

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative

---

[1]In her prayer, City Attorney Scott seeks "an order dismissing with prejudice plaintiff's claims asserted pursuant to 42 U.S.C. § 1983 against Terri Scott (in her *individual* capacity)."  Record Document 18 at 2; see also Record Document 18-1 at 4.  However, in the body of her Memorandum in Support of Motion to Dismiss, City Attorney Scott refers to state law claims, stating "Terri Scott also seeks dismissal of all state law claims against her."  Record Document 18-1 at 1.  The Court believes this sentence was erroneously included in the memorandum, as only Section 1983 individual capacity claims are discussed in the memorandum.  See id.  Therefore, the Court has analyzed the instant motion as seeking dismissal of the Section 1983 individual capacity claims against City Attorney Scott.

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2009). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Association, 987 F.2d 278, 284-285 (5th Cir. 1993).

"Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than constitutional assertions:  the plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir.2002) (citations omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.1983). "Heightened pleading in . . . immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." Nunez v. Simms, 341 F.3d 385, 388 (5th Cir. 2003).

Top Dollar Pawn filed the instant Section 1983 action "alleging an illegal seizure of property and a deprivation of its rights to due process under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the actions and policies of the named defendants."  See Record Document 29 at ¶ III(A)(1).  In the Supplemental and Amended Complaint, Top Dollar Pawn identifies City Attorney Scott as a defendant, stating:

> Defendant, Terri Scott, individually, at all times relevant has been and continues to be the City Attorney of Shreveport.  As an individual, Terri Scott has disregarded the clear and explicit statutes of the State of Louisiana and the Constitutions of the State of Louisiana and the United States.

Id. at ¶ III(B)(12).[2]  Top Dollar Pawn further alleges that City Attorney Scott is liable in the following ways:

> 88.    Defendant Terri Scott is, and has at all times relevant been, the City Attorney of Shreveport.  Terri Scott failed to enforce the laws of both the State of Louisiana and the United States.
>
> 89.    Terri Scott was made aware of the improper seizures and deprivation of due process rights repeatedly occurring at Plaintiff's pawn shop and failed to respond to the allegations or perform any sort of investigation.
>
> 90.    Terri Scott failed to prosecute a criminal proceeding as described in La. R.S. 37:1805(D).  Per the statute, Terri Scott should have initiated a prosecution, listing the plaintiff pawnbroker as a victim of theft by fraud, but failed to do so, disregarding the applicable clear and explicit statutes of the state of Louisiana.

Id. at ¶¶ III(P)(88-90).  Finally, as to City Attorney Scott, Top Dollar Pawn alleges:

> 27.    The Caddo District Attorney's [O]ffice assured plaintiff that it would ascertain the status of certain seized items.  The Caddo District Attorney also suggested that plaintiff contact the Shreveport City Attorney regarding the status of seized items.

_____

[2]Top Dollar Pawn has also named City Attorney Scott as a defendant in her official capacity.  See Record Document 29 at ¶ III(B)(13).  City Attorney Scott has not moved to dismiss the official capacity claims.

. . .

29.     Plaintiff also made numerous attempts to meet with the Shreveport City Attorney and the Shreveport Police Department to no avail.

Id. at ¶¶ III(E)(27, 29).

City Attorney Scott argues that she is entitled to qualified immunity and/or absolute immunity, as Top Dollar Pawn's allegations are not made with adequate specificity to overcome immunity.  She contends that the vague allegations regarding the suggestion to contact the Shreveport City Attorney and the numerous attempts to meet with the Shreveport City Attorney do not allege specific conduct and actions giving rise to constitutional violations by her in her individual capacity.  Moreover, City Attorney Scott argues that any failure to prosecute in accordance with Section 1805(D) is covered by absolute immunity.

Conversely, Top Dollar Pawn maintains that City Attorney Scott is not entitled to qualified or absolute immunity.  As to qualified immunity, it relies upon the "analogous case" of Wolfenbarger v. Williams, 826 F.2d 930 (10th Cir. 1987) and argues that dismissal is not appropriate because it "has specifically alleged that the City Attorney authorized, condoned or acquiesced in . . . deprivations" and "failed to prosecute as mandated by . . . [Section] 1805."  Record Document 30 at 8-9.  Top Dollar Pawn further contends that City Attorney Scott's right to absolute immunity never arose because she never initiated prosecution; thus, she was never intimately associated with the judicial phase of prosecution.  See id. at 11.

The Court has reviewed the Supplemental and Amended Complaint and finds that Top Dollar Pawn's allegations relating to its attempts to notify, contact and/or meet with the Shreveport City Attorney fail under the heightened pleading standard.  These allegations

are imprecise, do not allege specific facts or conduct giving rise to a constitutional claim, and lack constitutional dimension.  Likewise, the allegations that City Attorney Scott failed to enforce the laws; that she was made aware of the improper seizures and the deprivation of due process rights repeatedly; and that she failed to respond to the allegations are conclusory allegations that do not suffice to prevent dismissal.  The Supplemental and Amended Complaint simply does not allege specific facts giving rise to constitutional claims.

Top Dollar Pawn's claims that City Attorney Scott failed to investigate and failed to prosecute a criminal proceeding do not survive the instant motion, as absolute prosecutorial immunity applies to these claims.  When considering whether prosecutorial immunity applies, the court must ask "(1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity."  Lampton v. Diaz, 639 F.3d 223, 226 (5th Cir. 2011). At the time of Section 1983's enactment, "common-law prosecutorial immunity extended only to conduct that is intimately associated with the judicial phase of the criminal process." Id.  Such immunity did not cover investigatory functions that did not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.  See id.  "Most immunity cases thus focus on the distinction between a prosecutor's investigatory functions and advocacy functions related to the judicial process."  Id.  The absolute immunity "protection extends to the decision to prosecute as well as the decision not to prosecute." Fields v. Soloff, 920 F.2d 1114, 1119 -1120 (2nd Cir. 1990) ("Appellant asserts that [the] District Attorney . . . unlawfully failed to prosecute official misconduct.  Though such neglect

may result in public criticism, professional discipline or, under extreme circumstances, criminal charges, civil damages under section 1983 are inappropriate.  See Ambler, 424 U.S. at 428-29, 96 S.Ct. at 994. Since [the District Attorney's] failure to act was, in reality, a decision not to prosecute, we find him absolutely immune from suit.").  Here, City Attorney Scott's alleged failure to perform any sort of investigation and failure to prosecute a criminal proceeding under La. R.S. 37:1805(D) were both, in reality, decisions not to prosecute and she is absolutely immune.

Top Dollar Pawn's reliance on Wolfenbarger v. Williams is also misplaced. Wolfenbarger did not address a claim of absolute immunity.  See Wolfenbarger, 826 F.2d at 937.  Wolfenbarger also involved a district attorney who issued a memorandum directing police officers to seize stolen goods found in pawn shops.  See id. at 937-938.  There are no such factual allegations relating to City Attorney Scott in this case.  Thus, Wolfenbarger is distinguishable from the instant matter.

Accordingly,

**IT IS ORDERED** that the "Rule 12(b)(6) Motion to Dismiss" (Record Document 18) filed by City Attorney Scott be and is hereby **GRANTED**.  All of Top Dollar Pawn's claims against City Attorney Scott in her individual capacity are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of March, 2013.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE