UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOP DOLLAR PAWN, GUN & CAR AUDIO #5 LLC | CIVIL ACTION NO. 12-0577 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rules of Civil Procedure 12(b)(6)" (Record Document 45) filed by defendant Charles R. Scott, District Attorney for Caddo Parish ("DA Scott"). DA Scott has filed the motion in his individual capacity as well as his official capacity as District Attorney. DA Scott seeks dismissal of all of plaintiff Top Dollar Pawn, Gun and Car Audio #5, LLC's ("Top Dollar Pawn") claims against him. See id. Top Dollar Pawn opposes the motion. See Record Document 50. For the reasons which follow, DA Scott's motion is **GRANTED** and all of Top Dollar Pawn's claims against DA Scott are **DISMISSED WITH PREJUDICE**.

**I.    Background**

Top Dollar Pawn filed the instant Section 1983 action "alleging an illegal seizure of property and a deprivation of its rights to due process under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the actions and policies of the named defendants." See Record Document 29 at ¶ III(A)(1). In the Supplemental and Amended Complaint, Top Dollar Pawn identifies DA Scott as a defendant, stating:

> 10.    Defendant, Charles R. Scott, individually, at all times relevant has been and continues to be the District Attorney of Caddo Parish. As an individual, Charles R. Scott has disregarded the clear and explicit statutes of the State of Louisiana and the Constitutions of the State of

> Louisiana and the United States.
>
> 11. Defendant, Charles R. Scott, in his official capacity as the District Attorney of Caddo Parish, at all times relevant has been and continues to be the District Attorney of Caddo Parish. The office of the District Attorney is liable pursuant to its violations of the due process rights of the Plaintiff.

Id. at ¶ III(B)(10-11). Top Dollar Pawn further alleges that DA Scott is liable individually in the following ways:

> 79. Defendant Charles R. Scott is, and has at all times relevant been, the District Attorney of Caddo Parish. Charles R. Scott failed to enforce the laws of both the State of Louisiana and the United States.
>
> 80. Charles R. Scott was made aware of the improper seizures and deprivation of due process rights repeatedly occurring at Plaintiff's pawn shop and failed to respond to the allegations or perform any sort of investigation.
>
> 81. Charles R. Scott failed to prosecute a criminal proceeding as described in La. R.S. 37:1805(D). Per the statute, Charles R. Scott should have initiated a prosecution, listing the plaintiff pawnbroker as a victim of theft by fraud, but failed to do so, disregarding the applicable clear and explicit statutes of the state of Louisiana.
>
> 82. Further, not only should Defendant Charles R. Scott have known that his actions were in violation of the clear and explicit state statutes and the Constitution of the State of Louisiana and the United States, but Defendant or representatives of his department were expressly informed by Plaintiff's counsel in a meeting prior to the filing of this litigation. Despite that knowledge, Defendants continue to violate the due process rights of the Plaintiff.

Id. at ¶¶ III(N)(79-82). Top Dollar Pawn avers that DA Scott is liable in his official capacity as District Attorney in the following ways:

> 84. Defendant Charles R. Scott is, and has at all times relevant been, the District Attorney of Caddo Parish. Charles R. Scott failed to enforce the laws of both the State of Louisiana and the United States.
>
> 85. Charles R. Scott was made aware of the improper seizures and deprivation of due process rights repeatedly occurring at Plaintiff's pawn shop and failed to respond to the allegations or perform any sort

> of investigation.
>
> 86. Charles R. Scott failed to prosecute a criminal proceeding as described in La. R.S. 37:1805(D). Per the statute, Charles R. Scott should have initiated a prosecution, listing the plaintiff pawnbroker as a victim of theft by fraud, but failed to do so, disregarding the applicable clear and explicit statutes of the state of Louisiana.

Id. at ¶¶ III(O)(84-86). Finally, as to DA Scott, Top Dollar Pawn alleges:

> 26. Plaintiff and his counsel then met with the district attorney of Caddo Parish and a representative of the Bossier Parish District Attorney's Office on July 15, 2011, in an attempt to resolve the recurring deprivations and avoid filing suit in this matter.
>
> 27. The Caddo District Attorney's [O]ffice assured plaintiff that it would ascertain the status of certain seized items. The Caddo District Attorney also suggested that plaintiff contact the Shreveport City Attorney regarding the status of seized items.

Id. at ¶¶ III(E)(27, 29).

## II. Law and Analysis

### A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-1965. The complaint likewise requires more than "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). The

Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2009).

"Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Association, 987 F.2d 278, 284-285 (5th Cir. 1993). Additionally, the general rule that "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft, 556 U.S. at 678, 29 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not survive dismissal. See id.

**B.    Analysis.**

First, the Court notes that the majority, if not all, of the claims against DA Scott are premised on conclusory allegations. For instance, the allegation that DA Scott "failed to enforce the laws of both the State of Louisiana and the United States" is nothing more than a threadbare recital of the elements of a cause of action. Record Document 29, ¶¶ III(N)(79) & (O)(84). The Supplemental and Amended Complaint also does not contain factual allegations which present facially plausible claims against DA Scott in his individual capacity or official capacity. The Court will consider the individual capacity and official capacity claims separately.

### 1.     Individual Capacity Claims/Absolute Immunity.

DA Scott argues that Top Dollar Pawn has failed to plead any facts which plausibly could overcome the absolute immunity protecting DA Scott in his individual capacity. See Record Document 45-1 at 7-9. Top Dollar Pawn contends that DA Scott's right to absolute immunity never arose because he was not intimately associated with the judicial phase of prosecution. See Record Document 50 at 10-12.

Generally, "absolute immunity protects a person from being sued in connection with his duties altogether, regardless of the merit of the claim." Lucas v. Parish of Jefferson, 999 F.Supp. 839, 842 (E.D.La. March 31, 1998). The scope of prosecutorial absolute immunity has been limited to those acts "intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 493, 111 S.Ct. 1934, 1943 (1991), citing Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984 , 995 (1976).[1] The absolute immunity "protection extends to the decision to prosecute as well as the decision not to prosecute." Fields v. Soloff, 920 F.2d 1114, 1119 -1120 (2nd Cir. 1990) ("Appellant asserts that [the] District Attorney . . . unlawfully failed to prosecute official misconduct. Though such neglect may result in public criticism, professional discipline or, under extreme circumstances, criminal charges, civil damages under section 1983 are inappropriate. See Ambler, 424 U.S. at 428-29, 96 S.Ct. at 994. Since [the District Attorney's] failure to act was, in reality, a decision not to prosecute, we find him absolutely immune from suit."); see also Henzel

---

[1]When considering whether prosecutorial immunity applies, the court must ask "(1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity." Lampton v. Diaz, 639 F.3d 223, 226 (5th Cir. 2011). At the time of Section 1983's enactment, "common-law prosecutorial immunity extended only to conduct that is intimately associated with the judicial phase of the criminal process." Id.

v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979) (Fifth Circuit upheld district court's finding that prosecutor's refusal to investigate complaints about the prison system fell within the scope of prosecutorial duties and prosecutor was therefore immune from Section 1983 damage liability).

Based on the foregoing, the Court agrees that a prosecutor's decisions regarding whether to investigate a crime and whether to bring charges are acts intimately associated with the judicial process. Thus, Top Dollar Pawn's allegations that DA Scott failed to respond to allegations; failed to perform any sort of investigation; and/or failed to prosecute a criminal proceeding under La. R.S. 37:1805(D) do not survive the motion to dismiss, as all of these alleged acts or inactions were, in reality, decisions not to prosecute. DA Scott is entitled to absolute immunity.[2]

### 2. Official Capacity Claims.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999), citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 2036 (1978). The Monell court held that municipalities, or local government bodies, cannot be held liable for constitutional torts under Section 1983 on a respondeat superior theory. See Burge, 187 F.3d at 470-471. Rather, the local government body can be held liable only "when execution of a

---

[2] Top Dollar Pawn's reliance on Wolfenbarger v. Williams is misplaced. Wolfenbarger did not address a claim of absolute immunity. See Wolfenbarger, 826 F.2d at 937. Wolfenbarger also involved a district attorney who issued a memorandum directing police officers to seize stolen goods found in pawn shops. See id. at 937-938. While Top Dollar Pawn alleges that DA Scott was present at a meeting, there is no factual allegation that he issued any type of oral or written directive to law enforcement to seize goods in pawn shops. Thus, Wolfenbarger is easily distinguishable from the instant matter.

government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 471. The "tortious conduct, to be the basis for municipal liability under § 1983, must be pursuant to a municipality's official policy." Id. Simply put, a plaintiff asserting a Monell claim must allege facts sufficient to show an injury resulting from a policy or custom of the local government entity.

In its Supplemental and Amended Complaint, Top Dollar Pawn failed to plead that DA Scott or the Caddo Parish District Attorney's Office established an official policy or custom of failing to institute criminal proceedings for alleged improper seizures of pawned goods. While the Supplemental and Amended Complaint alleges the illegal seizure of items pursuant to the established policies and customs of the Caddo Parish Sheriff's Office, Sheriff Steve Prator, the Shreveport Police Department, the City of Shreveport, and Caddo Parish, there are no similar allegations relating to DA Scott or the Caddo Parish District Attorney's Office. See Record Document 29, ¶¶ III(F)(41), (H)(48), (I)(54), & (J)(59).[3] With no factual allegations asserting an official policy, custom, or practice on the part of DA Scott or the Caddo Parish District Attorney's Office, there can be no Monell claim. Top Dollar Pawn has, therefore, failed to state a claim against DA Scott in his official capacity as District Attorney.[4]

---

[3]Top Dollar Pawn argues in its opposition that DA Scott's "consistent pattern of inaction in turn created a policy or custom of the District Attorney's Office of Caddo Parish to ignore the clearly established rights of pawnbrokers" and that DA Scott "failed to enforce the law and has created a policy of inaction." Record Document 50 at 7, 9. Yet, Top Dollar Pawn's contentions in its opposition brief in no way amend its Supplemental and Amended Complaint (Record Document 29) to allege such policies or customs.

[4]Notwithstanding DA Scott's absolute immunity as to the individual capacity claims and the deficient Monell official capacity claims, the Court further questions the viability of

Accordingly,

**IT IS ORDERED** that the "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rules of Civil Procedure 12(b)(6)" (Record Document 45) filed by DA Scott be and is hereby **GRANTED**. All of Top Dollar Pawn's claims against DA Scott are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of March, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

Top Dollar Pawn's due process claim. See Record Document 45-1 at 10-11. To state a due process claim under Section 1983, Top Dollar Pawn must first identify a protected property interest and then prove that governmental action resulted in a deprivation of that interest. See Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010). Even if the Court were to assume a protected property interest under La. R.S. 37:1805 (the Louisiana Pawnshop Act), it appears that Top Dollar Pawn's allegations do not show a deprivation of that property interest based on any act of DA Scott. While Top Dollar Pawn contends that DA Scott violated its due process rights by failing to prosecute a criminal proceeding under Section 1805(D), it fails to note that it also had an independent right to institute a civil proceeding to determine ownership of the seized items pursuant to Section 1805(C)(1). Top Dollar Pawn fails to explain why or how it was prevented from filing such a civil proceeding. Thus, the strength of Top Dollar Pawn's allegations that DA Scott's actions/inactions resulted in a deprivation of its due process rights is lessened because of its own failure to act pursuant to Section 1805(c)(1).