UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOP DOLLAR PAWN, GUN & CAR AUDIO #5 LLC | CIVIL ACTION NO. 12-0577 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CADDO PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are three Motions for Summary Judgment. See Record Documents 122, 123 & 125. Defendants Terri Scott, Willie Shaw, and the City of Shreveport filed a Motion for Summary Judgment. See Record Document 122. Defendant Steve Prator also filed a Motion for Summary Judgment. See Record Document 123. Plaintiff Top Dollar Pawn, Gun and Car Audio #5, LLC ("Top Dollar") opposed both motions filed by the defense. See Record Document 131. Top Dollar also moved for partial summary judgment as to liability of Defendants Willie Shaw and Steve Prator. See Record Document 125. Defendants Terri Scott, Willie Shaw, the City of Shreveport, and Steve Prator opposed this motion. See Record Documents 129 & 130. For the reasons which follow, the defense Motions for Summary Judgment (Record Documents 122 & 123) are **GRANTED** and Top Dollar's Motion for Partial Summary Judgment is **DENIED**. All of Top Dollar's Section 1983 claims against Defendants Terri Scott, Willie Shaw, the City of Shreveport, and Steve Prator are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Top Dollar filed this Section 1983 action on March 6, 2012 naming as defendants, *inter alia*, Willie Shaw, in his capacity as Chief of Police of the Shreveport Police Department ("Chief Shaw"); Terri Anderson-Scott, in her capacity as City Attorney of

Shreveport ("City Attorney Scott"); and Steve Prator, in his capacity as Sheriff of Caddo Parish, Louisiana ("Sheriff Prator"). See Record Document 1. In May 2012, Top Dollar filed a Supplemental and Amended Complaint naming the City of Shreveport ("the City") as a defendant. See Record Document 29. The Supplemental and Amended Complaint reasserted claims against Chief Shaw, City Attorney Scott, and Sheriff Prator and clarified that Top Dollar was asserting claims against these defendants in both their individual and official capacities. See id. All individual capacity claims against these defendants have been dismissed. See Record Documents 72, 73, 99 & 100.

Top Dollar alleges "an illegal seizure of property and a deprivation of its rights to due process under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the actions and policies of the named defendants." See Record Document 29 at ¶ III(A)(1). More specifically, Top Dollar challenges the procedures used by law enforcement authorities when taking suspected stolen property from Top Dollar and delivering it to purported owners/theft-victims. Top Dollar contends such procedures were in violation of the United States Constitution and the Louisiana Pawnshop Act, La. R.S. 37:1781, *et seq.* Section 1805 of the Louisiana Pawnshop Act provides, in pertinent part:

> B. When a pawnbroker acquires a thing which has been deemed stolen pursuant to Subsection C, the pawnbroker shall return the thing to the owner at no cost.
>
> C. (1) When ownership of a thing is disputed, final determination as to ownership for the purposes of this Part shall be made in either a civil or criminal proceeding filed in a Louisiana court of competent jurisdiction.
>
> (2) When the party claiming ownership of a thing either refuses to initiate or cooperate in the criminal proceeding against the alleged perpetrator the thing shall be deemed not to have been stolen for the purposes of this Part.

> (3) When the perpetrator cannot be located, or a criminal prosecution is not initiated for any reason other than the refusal of the purported owner to initiate or cooperate in the criminal proceeding, ownership of the thing may be determined in a civil proceeding. In such instances, the thing shall either be returned to the owner pursuant to Subsection B, or remain the property of the pawnbroker.

La. R.S. 37:1805.

In support of their Motions for Summary Judgment, Defendants have submitted a discovery document produced by Top Dollar, which is referenced by Defendants as Exhibit 218. This document is a list of all items that Top Dollar claims were illegally seized by law enforcement agencies and the seizures for which Top Dollar is now seeking damages for in this lawsuit. See Record Document 122, Exhibit 298 at 16-17; Exhibit 299 at 153-154; Exhibit 218. Of the items contained on Exhibit 218, there are only two transactions which are alleged to have occurred within a year of the filing of Top Dollar's Complaint in this matter. See Record Document 122-2 at ¶ 7; Record Document 131-1 at ¶ 7. One transaction involves a $25.00 pair of wire snaps which were actually purchased at Top Dollar off a retail shelf. See id. The second is a television allegedly seized by Southern University Police Department ("SUPD"). See id. SUPD is not a named defendant in this matter. See id.

Top Dollar does not contest Exhibit 218, but maintains "that said document is the best evidence of its own content." Record Document 131-1 at ¶ 5. Additionally, Top Dollar maintains "that illegal seizures by Defendant continued after the filing of suit up to and including the incident of October 1, 2012." Record Document 131-1 at 5. This October 1, 2012 incident was raised by Top Dollar in its November 2012 Motion for Preliminary Injunction and involved an alleged illegal seizure by the Shreveport Police Department

("SPD"). See Record Document 57; Record Document 57-2 at 3-4. The Motion for Preliminary Injunction was eventually resolved by a Consent Order:

> **NOW INTO COURT**, through undersigned counsel come
>
> 1. Plaintiff, Top Dollar Pawn, Gun and Car Audio #5, L.L.C. ("TDP");
>
> 2. Defendant, Steve Prator in his official capacity as Sheriff of Caddo Parish, Louisiana ("CPSO");
>
> 3. Defendant, the City of Shreveport; ("City");
>
> having reached an agreement on the preliminary injunction, enter into a Consent Agreement to resolve certain claims asserted in plaintiff's Motion for Preliminary Injunction against these defendants;
>
> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that when the CPSO and the Shreveport Police Department through the City lawfully seize an item pursuant to LSA-R.S. 37:1805 which has been pledged to TDP, the CPSO and the Shreveport Police Department through the City will not return the item to a purported owner without a judicial determination of ownership until further order pending this Honorable Court's interpretation of LSA-R.S. 37:1805.

Record Document 68. Defendants made no admission as to a violation of the United States Constitution or the Louisiana Pawnshop Act. See Record Documents 65 & 68.

## LAW AND ANALYSIS

**I.   Rule 56 Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[1]  "Rule 56[(a)] mandates the entry of summary

---

[1]The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue." This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard. See F.R.C.P. 56(a) and

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of

---

advisory committee's note.

summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

**II.     Analysis.**

    **A.     Prescription.**

In light of Exhibit 218, Defendants' first ground for summary judgment is prescription. Top Dollar filed this civil action pursuant to 42, United States Code, Section 1983. "Section 1983 does not contain a statute of limitations, so the law of the forum court applies." Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections, 528 F.3d 375, 378 (5th Cir.2008). "It is well established in decisions in this circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to Louisiana's one-year statute of limitations for tort actions." Watts v. Graves, 720 F.2d 1416, 1423 (5th Cir. 1983).

Top Dollar does not dispute the contents of Exhibit 218. More specifically, it does not dispute that Exhibit 218 is a list of all items that Top Dollar claims were illegally seized by law enforcement agencies and the seizures for which Top Dollar is now seeking damages for in this lawsuit. See Record Document 122-2 at ¶ 5; Record Document 131-1 at 3, ¶ 5. Likewise, Top Dollar did not dispute the following facts:

> Of the items contained on Exhibit 218 there are only two transactions which are alleged to have occurred within a year of the filing of Top Dollar's Complaint in this matter. One transaction involves a $25.00 pair of wire snaps which were actually purchased at Top Dollar off a retail shelf. The second is a television allegedly seized by Southern University, which is not a named defendant in this matter.

Record Document 122-2 at ¶ 7; Record Document 131-1 at 3, ¶ 7. Based on these undisputed facts, Top Dollar's Section 1983 claims against the remaining Defendants appear to be time-barred.

Exhibit 218 establishes that all of the items that were allegedly illegally seized were "seized" between 2005 and 2010. The only exceptions were the 2011 transactions involving the wire snaps and the television. The wire snaps were purchased and not "seized." The television was not "seized" by the SPD or the Caddo Parish Sheriff's Department ("CPSD"), but rather by a law enforcement agency that is not named as a defendant in this matter. Top Dollar had one year from the 2010 "date seized" to assert its Section 1983 claims against Defendants. Because it failed to file its lawsuit until March 2012, the lawsuit is untimely.

In opposing the prescription argument, Top Dollar seems to concede that its claims are prescribed on their face. However, Top Dollar argues that its claims are not prescribed because "Defendants' policy constitutes a continuing violation and a continuing violation is in effect so long as the ongoing policy remains in effect." Record Document 131 at 11. Top Dollar further points to "the widespread effects that have resulted from Defendants' continuing policy" and asserts that this case is akin to "an ongoing pattern of discrimination." Id. at 12. The crux of Top Dollar's continuing violation theory is set forth below:

> Similar to an ongoing pattern of sexual discrimination here, Defendants[] have had an ongoing system in place that provides the framework for ongoing violations of due process which discriminate against pawnbrokers. Furthermore, these violations of due process have been ongoing prior to the initiation of this litigation and have been continuing until the Court issued [a Consent] Order [on Top Dollar's Motion for Preliminary Injunction] on December 20, 2012 mandating that the CPSD and the SPD will not return the item to the purported owners without a judicial determination of ownership.
>
> . . .
>
> As a continuing violation is in effect so long as the policy is in effect, Plaintiff's action is timely.

Id.

Alternatively, Top Dollar contends that its claims are not prescribed because the SPD and the CPSD are joint tortfeasors. See id. at 13. Pursuant to Louisiana Civil Code Article 2324, "interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. C.C. Art. 2324(C). Top Dollar argues that "the instant lawsuit was timely filed against the SPD as the SPD continued to commit illegal seizures constituting constitutional violations through the filing of the Motion for Preliminary Injunction filed in November 2012; thus, this timely filing against one joint tortfeasor, the SPD, interrupted prescription and is effective against the other joint tortfeasor, the CPSD. See id. at 14. Top Dollar points to the "most recent seizure on October 1, 2012," which it raised in its Motion for Preliminary Injunction. See id.; see also Record Document 57-2 at 10.

The Court finds that Top Dollar's joint tortfeasor argument fails as a matter of law, as there is no allegation that both the SPD and the CPSD seized the same item. See La. C.C. Art. 1788 ("When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors."). Top Dollar's argument based on the continuing violation theory requires closer examination.

Top Dollar relies upon several employment discrimination cases in support of applying the continuing violation theory to the instant matter. One such case is Perez v. Laredo Junior College, 706 F.2d 731 (5th Cir. 1983), wherein the Fifth Circuit explained:

> [F]ederal law determines when a civil rights action accrues and, therefore, when the statute of limitations begins to run. In deciding when the statute of limitations commences to run under . . . § 1983, we look to the Title VII cases. The determination requires us to identify precisely when the deprivation forbidden by § 1983 . . . occurred. . . . To establish a continuing violation, however, the plaintiff must establish that the unconstitutional or illegal act was a part of standard operating procedure, a fixed and continuing practice.

> If the discrimination alleged is a single act, the statute begins to run at the time of the act. If, on the other hand, the statutory violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation and only those violations preceding the filing of the complaint by the full limitations period are foreclosed. Similarly, if the statutory violation occurs as a result of a continuing policy, itself illegal, then the statute does not foreclose an action aimed at the company's enforcement of the policy within the limitations period.

Perez, 706 F.2d at 733-734. The Court finds that Top Dollar's reliance on Perez, and the other cited cases, is misplaced.

Top Dollar misunderstands the application of the continuing violation theory. Based on the undisputed facts set forth in Exhibit 218, Top Dollar has conceded there was no violation by the remaining Defendants in 2011. Thus, the last alleged violation attributable to the remaining Defendants occurred in 2010. An isolated October 2012 incident relating to the Shreveport Police Department, which was disclosed to the Court in the context of a Motion for Preliminary Injunction, does not revive distinct acts which occurred outside the prescriptive period, i.e., March 2011 to March 2012. In McGregor v. Louisiana State Univ. Bd. of Sup'rs, 3 F.3d 850 (5th Cir. 1993), the Fifth Circuit explained that "the continuing violation theory provides that where *the last act alleged is part of an ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier acts are not time-barred.*" Id. at 866 (emphasis added). Here, the "last act alleged" by Top Dollar did not occur within the filing period between March 2011 and March 2012. Rather, it allegedly occurred in October 2012 and cannot revive Top Dollar's stale claims from 2010 and earlier.

The Court further notes that Top Dollar, by virtue of Exhibit 218, has conceded that no seizures relating to the remaining Defendants occurred in 2011. Under Perez and

McGregor, to establish a continuing violation, Top Dollar must show an ongoing pattern and establish that the illegal acts were part of a fixed and continuing practice. See Perez, 706 F.2d at 733-734; McGregor, 3 F.3d at 866. The absence of any seizures attributable to the SPD or the CPSD in 2011 is a critical flaw in Top Dollar's argument that there was an ongoing pattern or a fixed and continuing practice of illegal seizures.

Based on the foregoing analysis, the Court finds that Top Dollar failed to timely file suit and Defendants' Motions for Summary Judgment (Record Documents 122 & 123) are **GRANTED**. All of Top Dollar's claims against City Attorney Scott, Chief Shaw, the City, and Sheriff Prator are **DISMISSED WITH PREJUDICE**.[2]

### B. Top Dollar's Motion for Partial Summary Judgment.

Top Dollar seeks a partial summary judgment as to liability of Defendants Sheriff

---

[2]Defendants also moved for summary judgment on the basis that there was no due process violation, as Top Dollar never exercised the right to pre-deprivation process set forth in Section 1805 of the Louisiana Pawnshop Act. More specifically, Defendants show that Top Dollar never disputed ownership of the seized items and never objected to the seized items being returned.
Section 1805(C)(1) provides:

> *When ownership of a thing is disputed*, final determination as to ownership for the purposes of this Part shall be made in either a civil or criminal proceeding filed in a Louisiana court of competent jurisdiction.

La. R.S. 37:1805(C)(1) (emphasis added). Top Dollar Pawn contends that "Defendants clearly misinterpret the clear import of Section 1805" and that it is not required "to elect to utilize its constitutional due process protections by placing an item in dispute." See Record Document 131 at 14.
"Questions of statutory interpretation are questions of law." Kemp v. G.D. Searle & Co., 103 F.3d 405, 407 (5th Cir. 1997). This Court's review of the Louisiana Pawnshop Act and the summary judgment record is in accord with Defendants' proffered interpretation of Section 1805(C)(1). It is this Court's belief that Top Dollar must make some sort of an affirmative election to dispute ownership such that a civil or criminal proceeding to determine ownership would commence. Thus, while the Court has granted summary judgment on the basis of prescription, it also appears that summary judgment is proper on this additional ground.

Prator and Chief Shaw "for the unreasonable seizure of [Top Dollar's] property in violation [of] due process." Record Document 142 at 1. This Court has concluded that Top Dollar's claims against City Attorney Scott, Chief Shaw, the City, and Sheriff Prator are prescribed. Accordingly, Top Dollar's Motion for Partial Summary Judgment (Record Document 125) must be **DENIED**.

## CONCLUSION

Based on the foregoing analysis, the Court finds that summary judgment in favor of Defendants is appropriate, as Top Dollar's Section 1983 claims are prescribed. Accordingly,

**IT IS ORDERED** the Motions for Summary Judgment (Record Documents 122 & 123) filed by Defendants City Attorney Scott, Chief Shaw, the City, and Sheriff Prator be and are hereby **GRANTED** and the Motion for Partial Summary Judgment (Record Document 125) filed by Plaintiff Top Dollar be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that all of Top Dollar's claims be and are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE